*ELECTRONICALLY FILED*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO._____

SAMANTHA CARROLL,
LEANNA MURPHY, on behalf
of themselves and all others similarly
situated                                                                                                        PLAINTIFFS

v.

ADDICTION RECOVERY CARE, LLC                                                            DEFENDANT

      Serve: Timothy G. Robinson, Jr.
              125 South Main Cross Street
              Louisa, Kentucky 41230

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Come the Plaintiffs, Samantha Carroll ("Carroll") and Leanna Murphy ("Murphy"), on behalf of themselves and all others similarly situated, by and through the undersigned counsel, and for their Complaint and Demand for Jury Trial against the Defendant, Addiction Recovery Care, LLC ("ARC"), hereby state as follows:

**INTRODUCTION**

This is an employee misclassification putative class action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. 201, *et seq.* ("FLSA"), and the Kentucky Wage and Hour Act, KRS Chapter 337, *et seq.*, ("KWHA"), seeking payment of past due wages, including overtime wages, in violation of state and federal laws, along with statutory liquidated damages and attorney's fees and court costs.

1

## PARTIES, JURISDICTION AND VENUE

1. Carroll is a resident of Cynthiana, Harrison County, Kentucky. Carroll was ARC's "employee" and ARC was Carroll's "employer", as those terms are defined in the FLSA and the KWHA, from June 2019 through October 2022.

2. Murphy is a resident of Danville, Boyle County, Kentucky. Murphy was ARC's "employee" and ARC was Murphy's "employer", as those terms are defined in the FLSA and the KWHA, from February 2020 through October 2021.

3. Defendant, ARC, is a Kentucky limited liability company with its principal place of business listed with the Kentucky Secretary of State as 125 South Main Cross Street, Louisa, Kentucky, 41230. ARC's agent for service of process is Timothy G. Robinson, Jr., at this same address. ARC has physical work locations throughout this judicial district and conducts business on a daily basis within Fayette County, Kentucky, which subjects ARC to the personal jurisdiction of this Court.

4. This Court's subject matter jurisdiction is proper under 29 U.S.C. 216(b) and 28 U.S.C. 1331. This Court's subject matter jurisdiction over the KWHA claims is conferred upon this Court through 28 U.S.C. 1367, which provides for supplemental jurisdiction over state-law claims so related to the federal law claims that one case or controversy exists for Article III purposes.

## FACTS RELATING TO THE PLAINTIFFS' EMPLOYMENT WITH ARC

5. During their employment with ARC, Carroll and Murphy both performed the duties of a job called a "community liaison."

6. For the relevant statutory period, ARC, in bad faith, misclassified the job position of "community liaison" as a salaried position exempt from the overtime requirements of the FLSA

and the KWHA. This misclassification and violation of the wage and hour laws applied not only to Carroll and Murphy, but also to all other similarly situated employees performing the role of a "community liaison."

7. The community liaison position requires no specialized experience, skill, training or education. Indeed, the only educational requirement to perform this job title is a high school degree. A community liaison is required to work with courts, hospitals, homeless shelters, treatment centers, jails, and mental health facilities to identify people in need of addiction recovery services, and to help those people find services within the community. A community liaison has absolutely no duties relating to the management of ARC.

8. Although misclassified as salaried, community liaisons, including the named Plaintiffs herein and all other similarly situated employees, are required to work hours in excess of 40 in a work-week, but are not compensated for overtime for those hours worked in violation of the FLSA and KWHA. Further, community liaisons were required to work at community events, conferences and outreach on the weekends and were not properly compensated for overtime hours relating to same, even though they had already worked 40 hours in that work-week. Further, community liaisons were required to answer calls and communications from ARC's clients at all hours of the day, including weekends.

9. ARC's community liaisons were not "employed in a bona fide executive, administrative, or professional capacity," pursuant to the FLSA and the KWHA.

10. The primary duties of the community liaison position did __not__ include the performance of office or non-manual work directly related to the management or general business operations of ARC or its customers, and a community liaison's primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

11. A community liaison does not manage, supervise or have any authority over any other ARC employee, nor does a community liaison have the authority to create or implement policies and practices at ARC's workplace. Instead, community liaisons work under the supervision of a supervisor, and have discrete and specific protocol they were required to follow when performing this job title. Community liaisons did not exercise independent judgment in the general business operations of ARC. They did not supervise anyone, nor did they perform any administrative functions such as human-resources procurement or management decisions.

12. The community liaison position does not require any employee to perform work requiring advanced knowledge in a field of science or learning, nor did the position require advanced knowledge acquired by a prolonged course of specialized intellectual instruction. The only educational or experience requirement to perform this job is the presence of a general, high school degree. A community liaison's work is primarily to identify and accompany clients to appointments and to refer them to community resources. This position was neither intellectual, nor did it require a person holding the position to consistently exercise his/her own judgment.

13. ARC's community liaisons are most closely akin to "caseworkers," discussed by the Department of Labor ("DOL") in its Opinion Letter dated November 4, 2005. Therein, the DOL concluded that caseworkers whose jobs do not require a Bachelor's degree in a specific field are not learned professionals. ARC's community liaisons gain the necessary skills while on the job, rather than through education, and no specialized education is required to perform this position.

14. Community liaisons are not employed by ARC in a bona-fide executive capacity. Their primary duties do not consist of the management of ARC's enterprise; they do not customarily and regularly direct the work of two or more other employees; they do not have the

power to hire or fire employees; and they do not customarily and regularly exercise discretionary powers. They do, however, devote more than 20 percent of their hours of work in the workweek to non-managerial activities.

### REPRESENTATIVE ACTION ALLEGATIONS

15. Plaintiffs bring this action as a representative action on behalf of themselves and on behalf of all similarly situated employees currently and formerly employed by ARC as community liaisons between February 21, 2018[1] and the date of the trial in this action.

16. Plaintiffs, and other similarly situated employees employed by ARC as community liaisons were misclassified as exempt by ARC and were not properly compensated for overtime hours worked in violation of the FLSA and the KWHA.

17. Carroll was employed by ARC in the Commonwealth of Kentucky from June 2019 to October 2022, and she performed the job title of a community liaison from March 2021 to October 2022.

18. Murphy was employed by ARC in the Commonwealth of Kentucky from February 2020 to October 2021, and she performed the job title of community liaison from February 2020 to February 2021, and again from July 2021 to October 2021.

19. ARC provides addiction recovery services to citizens of the Commonwealth of Kentucky, and has at least 30 such recovery centers operating in the Commonwealth of Kentucky, and employs community liaisons at each of these locations, but improperly classifies all community liaisons as exempt employees for purposes of the relevant over-time laws.

---

[1] The statute of limitations under the KWHA is 5 years. The statute of limitations for willful violations of the FLSA is 3 years.

20. Carroll, Murphy and other similarly situated employees working as community liaisons employed by ARC were/are required to routinely work more than forty (40) hours per week for ARC.

21. Carroll, Murphy and other similarly situated employees working as community liaisons employed by ARC were not compensated at one-and one-half times their regular rate for all hours worked over forty (40) in a week.

22. Compensation for work performed by Carroll, Murphy and other community liaisons employed by ARC is subject to the provisions of the FLSA and the KWHA.

23. Carroll, Murphy and all members of the putative class were subjected to the same unlawful pay practices, specifically the denial of overtime pay for work over forty (40) hours per week, and were further improperly classified as exempt employees.

24. Plaintiffs believe that there are hundreds of members of the putative class.

25. The putative class claims have a common legal interpretation and factual basis which can be resolved in a single class action. Specifically, the common questions are: (1) Was ARC required to pay overtime to its community liaisons in accordance with the FLSA and the KWHA, and, if so, (2) Did ARC properly pay overtime in accordance with those laws.

## COUNT ONE:

## VIOLATIONS OF FLSA AND KWHA

26. Plaintiffs adopts by reference all preceding and subsequent averments as fully restated herein.

27. The FLSA and the KWHA substantially set forth state wage and hour laws intended to protect employees and ensure that they are justly compensated.

28. Pursuant to those laws, ARC was required to provide compensation at one-and-one-half times their regular rate for all hours worked over forty (40) in a week by non-exempt employees, including the plaintiffs and putative plaintiffs herein.

29. ARC failed to provide proper overtime compensation to its employees, ignoring the requirements of the FLSA and the KWHA.

30. Carroll and Murphy (while working as community liaisons) and all other similarly situated individuals were not exempt from the overtime requirements imposed by the FLSA and the KWHA.

31. ARC's actions of failing to pay the plaintiffs and the putative class members properly for all hours worked over forty (40) in a week at one-and-one-half times the individual's rate of pay constitute a clear violation of the FLSA and the KWHA.

32. Such action constitutes a failure to compensate the plaintiffs for their overtime hours which proximately caused them to suffer economic harm. ARC did not have a reasonable basis to conclude or believe that community liaisons, including the plaintiffs and putative plaintiffs, were exempt from the requirements of the FLSA and the KWHA.

33. Pursuant to the KWHA and the FLSA, the plaintiffs and putative plaintiffs are entitled to compensatory damages in an amount as of yet unknown but sufficient to meet this Court's minimal jurisdictional requirements; an additional equal amount as liquidated damages; attorney's fees; and, an award of punitive damages against ARC in an amount that exceeds the jurisdictional minimum of this Court. Plaintiffs are further entitled to their attorney's fees, measured under the common fund theory, and their court costs.

## COUNT TWO:

## UNJUST ENRICHMENT

34. Plaintiffs adopt by reference all preceding and subsequent averments as fully restated herein.

35. Plaintiffs and all other similarly situated individuals are entitled to correct payment of wages.

36. ARC has been unjustly enriched by utilizing Plaintiffs and the putative class members' services without providing the required compensation earned by and owed to the plaintiffs.

37. As a direct and proximate result of ARC's unjust enrichment, the plaintiffs have been damaged, in an amount which exceeds the jurisdictional minimum of this Court.

38. As a result of this unjust enrichment, Plaintiffs and the putative plaintiffs are entitled to an award of compensatory and punitive damages from ARC.

WHEREFORE, Plaintiffs respectfully request the following relief from this Court:

A. Certify this action as a class action under the Federal Rule of Civil Procedure 23;

B. On Count I, for compensatory damages and an additional amount as liquidated damages from ARC, punitive damages under the FLSA, along with their statutory attorney's fees (measured under the common fund theory) and court costs;

C. On Count II, for compensatory and punitive damages from ARC;

D. Award costs herein expended including an award of reasonable attorney's fees;

E. Trial by jury; and,

F. Provide such other legal and equitable relief to which they may be entitled.

Respectfully Submitted,

ARNOLD & MILLER, PLC

*Christopher D. Miller*
Christopher D. Miller, Esq.
121 Prosperous Place, Suite 6B
Lexington, Kentucky 40509
Telephone: 859.381.9999
Facsimile: 859.389.6666
Email: cmiller@arnoldmillerlaw.com