UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
*Electronically Filed*

| | |
|---|---|
| SAMANTHA CARROLL, LEANNA MURPHY, on behalf of themselves and all others similarly situated<br><br>PLAINTIFFS<br><br>v.<br><br>ADDICTION RECOVERY CARE, LLC<br><br>DEFENDANT | Civil Action No. 5:23-CV-00053-GFVT |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
AND DEMAND FOR JURY TRIAL AND COUNTERCLAIM**

\*\*\*\*\*\*\*\*\*\*\*

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Addiction Recovery Care, LLC ("ARC" or "Defendant"), by counsel, states as follows in Answer to the Complaint and Demand for Jury Trial filed by Plaintiffs Samantha Carroll ("Carroll") and Leanna Murphy ("Murphy"), on behalf of themselves and all others similarly situated (collectively referred to herein as "Plaintiffs"):

**INTRODUCTION**

The introductory Paragraph of the Complaint does not contain any factual allegations to which Defendant is required to respond. To the extent a response is required, Defendant admits that Plaintiffs purport to bring claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* and the Kentucky Wage and Hour Act, KRS Chapter 337, *et seq.,* but denies that these

1

claims have any merit and that Plaintiffs are entitled to any relief. Defendant denies the remaining allegations in the introductory Paragraph.

**PARTIES, JURISDICTION AND VENUE**

1. Defendant admits the allegations in Paragraph 1 of the Complaint to the extent that Carroll was employed by ARC. The remaining allegations in Paragraph 1 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 1 and therefore denies the same.

2. Defendant admits the allegations in Paragraph 2 of the Complaint to the extent that Murphy was employed by ARC. The remaining allegations in Paragraph 2 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 2 and therefore denies the same.

3. Defendant admits the allegations in Paragraph 3 of the Complaint to the extent that Defendant is a Kentucky limited liability company with its principal place of business listed as 125 South Main Cross Street, Louisa, Kentucky, 41230. Defendant further admits that it has physical work locations throughout the Eastern District of Kentucky and conducts business within Fayette County, Kentucky. Defendant denies that Timothy G. Robinson, Jr., is the agent for service of process. Jessica A. Burke, 3010 Taylor Springs Drive, Louisville, Kentucky, 40220, serves as the registered agent for service of process.

4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant does not dispute that this Court properly has jurisdiction.

**FACTS RELATING TO THE PLAINTIFFS' EMPLOYMENT WITH ARC**

5. Defendant admits the allegations in Paragraph 5 to the extent that Carroll and Murphy were both employed as a Community Liaison at ARC. Defendant denies the remaining allegations in Paragraph 5.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant admits the allegations in Paragraph 7 to the extent that Community Liaisons at ARC act as a liaison with the local healthcare and business community. In particular, Community Liaisons identify and develop key referral sources and build working relationships with these contacts to maintain and/or increase the quality and quantity of referrals for ARC's residential and outpatient centers. Defendant denies the remaining allegations in Paragraph 7.

8. Defendant admits the allegations in Paragraph 8 to the extent that Carroll and Murphy were employed in the Community Liaison position in a non-exempt capacity for a limited period during their employment with ARC. Defendant further admits that Community Liaisons had flexibility in determining their schedules, which varied by individual, and exercised independent judgment and discretion concerning the manner in which they chose to develop and maintain particular contacts and partnerships within their respective community. Defendant denies the remaining allegations in Paragraph 8.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the same.

12. Paragraph 12 of the Complaint contains legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the same.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

**REPRESENTATIVE ACTION ALLEGATIONS**

15. The allegations in Paragraph 15 of the Complaint, including footnote 1 thereto, contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same. To the extent Plaintiffs purport to bring collective action claims, Defendant denies that a collective action is appropriate and that any person is entitled to relief.

16. The allegations in Paragraph 16 of the Complaint contain legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the same. To the extent Plaintiffs purport to bring collective action claims, Defendant denies that a collective action is appropriate and that any person is entitled to relief.

17. Defendant admits the allegations in Paragraph 17 of the Complaint to the extent that Carroll was employed as a Community Liaison at ARC. The remaining allegations in Paragraph 17 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

18. Defendant admits the allegations in Paragraph 18 of the Complaint to the extent that Murphy was employed as a Community Liaison at ARC. The remaining allegations in Paragraph 18 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

19. Defendant admits the allegations in Paragraph 19 to the extent that ARC provides addiction recovery services throughout the Commonwealth and that it operates approximately 30 recovery centers. Defendant denies the remaining allegations in Paragraph 19. To the extent Plaintiffs purport to bring collective action claims, Defendant denies that a collective action is appropriate and that any person is entitled to relief.

20. Defendant admits the allegations in Paragraph 20 of the Complaint to the extent that Murphy and Carroll were employed as Community Liaisons at ARC. The remaining allegations in Paragraph 20 constitute legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the same. To the extent Plaintiffs purport to bring collective action claims, Defendant denies that a collective action is appropriate and that any person is entitled to relief.

21. Defendant denies the allegations in Paragraph 21 of the Complaint to the extent Plaintiffs improperly imply that Community Liaisons at ARC were entitled to overtime pay. The remaining allegations in Paragraph 21 constitute legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the same. To the extent Plaintiffs purport to bring collective action claims, Defendant denies that a collective action is appropriate and that any person is entitled to relief.

22. Paragraph 22 of the Complaint does not contain any factual allegations to which Defendant is required to respond. To the extent a response is required, Defendant admits that ARC is subject to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA")*,* and the Kentucky Wage and Hour Act, KRS Chapter 337, *et seq.* (KWHA")*,* but denies that it violated any provision of either statute or the regulations promulgated pursuant thereto. Defendant denies the remaining allegations in Paragraph 22.

23. Paragraph 23 of the Complaint contains legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the same. To the extent Plaintiffs purport to bring collective action claims, Defendant denies that a collective action is appropriate and that any person is entitled to relief.

24. Paragraph 24 of the Complaint does not contain any factual allegations to which Defendant is required to respond. To the extent a response is required, Defendant denies the same. The remaining allegations in Paragraph 24 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same. To the extent Plaintiffs purport to bring collective action claims, Defendant denies that a collective action is appropriate and that any person is entitled to relief.

25. Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent to which a response is required, Defendant denies the same. To the extent Plaintiffs purport to bring collective action claims, Defendant denies that a collective action is appropriate and that any person is entitled to relief.

## COUNT ONE:

## VIOLATIONS OF FLSA AND KWHA

26. Defendant restates and incorporates its responses to Paragraphs 1-25 as if fully re-written herein.

27. Paragraph 27 of the Complaint does not contain any factual allegations to which Defendant is required to respond. To the extent a response is required, Defendant admits that ARC is subject to the provisions of the FLSA and KWHA, but denies that it violated any provision of either statute or the regulations promulgated pursuant thereto. Defendant denies the remaining allegations in Paragraph 27.

28. Paragraph 28 of the Complaint does not contain any factual allegations to which Defendant is required to respond. To the extent a response is required, Defendant admits that ARC is subject to the provisions of the FLSA and KWHA, but denies that it violated any provision of either statute or the regulations promulgated pursuant thereto. Defendant denies the remaining allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29 of the Complaint. To the extent Plaintiffs purport to bring collective action claims, Defendant denies that a collective action is appropriate and that any person is entitled to relief.

30. Defendant denies the allegations in Paragraph 30 of the Complaint. To the extent Plaintiffs purport to bring collective action claims, Defendant denies that a collective action is appropriate and that any person is entitled to relief.

31. Defendant denies the allegations in Paragraph 31 of the Complaint. To the extent Plaintiffs purport to bring collective action claims, Defendant denies that a collective action is appropriate and that any person is entitled to relief.

32. Defendant denies the allegations in Paragraph 32 of the Complaint. To the extent Plaintiffs purport to bring collective action claims, Defendant denies that a collective action is appropriate and that any person is entitled to relief.

33. Defendant denies the allegations in Paragraph 33 of the Complaint. To the extent Plaintiffs purport to bring collective action claims, Defendant denies that a collective action is appropriate and that any person is entitled to relief. Defendant denies that it engaged in any alleged wrongdoing outlined or implied in the Complaint or that it is liable to Plaintiffs or any alleged putative class members for any alleged damages including, but not limited to, compensatory damages, attorneys' fees, pre- and post-judgment interest, liquidated damages, punitive damages,

damages for embarrassment, humiliation, and/or mental anguish, punitive damages, and any additional or other expenses or claimed damages.

## COUNT TWO:

## UNJUST ENRICHMENT

34. Defendant restates and incorporates its responses to Paragraphs 1-33 as if fully re-written herein.

35. Defendant does not dispute that Plaintiffs are entitled to correct wages. However, Defendant denies that Plaintiffs are entitled to any relief.

36. Defendant denies the allegations in Paragraph 36 of the Complaint. To the extent Plaintiffs purport to bring collective action claims, Defendant denies that a collective action is appropriate and that any person is entitled to relief.

37. Defendant denies the allegations in Paragraph 37 of the Complaint. To the extent Plaintiffs purport to bring collective action claims, Defendant denies that a collective action is appropriate and that any person is entitled to relief.

38. Defendant denies the allegations in Paragraph 38 of the Complaint. To the extent Plaintiffs purport to bring collective action claims, Defendant denies that a collective action is appropriate and that any person is entitled to relief.

39. Defendant denies all allegations not specifically admitted in the foregoing paragraphs.

## DEFENSES AND/OR AFFIRMATIVE DEFENSES

## FIRST DEFENSE

40. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

41. Defendant's actions were lawful and undertaken for legitimate business reasons.

**THIRD DEFENSE**

42. Compensatory damages, liquidated damages, punitive damages, and/or attorneys' fees are not available for some or all of the causes asserted.

**FOURTH DEFENSE**

43. Plaintiffs' alleged damages, if any, are speculative and thus unavailable as a matter of law.

**FIFTH DEFENSE**

44. Plaintiffs' alleged damages, if any, are subject to offset.

**SIXTH DEFENSE**

45. Plaintiffs have failed to mitigate their damages, if any.

**SEVENTH DEFENSE**

46. An award of punitive damages in this action would be unconstitutional.

**EIGHTH DEFENSE**

47. Defendant pleads and relies upon all defenses, express or implied, contained in 29 U.S.C. § 201, *et seq*., and KRS Chapter 337, *et seq*., Federal Rule of Civil Procedure 23, Kentucky common law and any and all cases or regulations related thereto.

**NINTH DEFENSE**

48. Plaintiffs' claims are barred by the applicable statute of limitations.

**TENTH DEFENSE**

49. Defendant's actions were taken in good faith, and therefore an award of liquidated damages in this action would be inappropriate.

**ELEVENTH DEFENSE**

50. Plaintiffs, at all times, were compensated in compliance with the provisions of the Fair Labor Standards Act and equivalent state law.

**TWELFTH DEFENSE**

51. Plaintiffs have received payment for all wages due and owing.

**THIRTEENTH DEFENSE**

52. Plaintiffs' claims are preempted by the Fair Labor Standards Act and equivalent state law.

**FOURTEENTH DEFENSE**

53. Defendant reserves the right to assert additional defenses and affirmative defenses as it may become available or apparent during the course of this litigation.

**FIFTEENTH DEFENSE**

54. The matters in controversy may be subject to arbitration.

**SIXTEENTH DEFENSE**

55. Plaintiffs' Complaint fails to satisfy the prerequisites to a collective or class action for purposes of the FSLA, KWHA or Fed. R. Civ. P. 23, including the existence of other similarly-situated individuals, numerosity, commonality, typicality, and/or adequacy, and therefore, Plaintiffs fail to allege any claim that can be pursued as a collective or class action.

**SEVENTEENTH DEFENSE**

56. Plaintiffs are not or may not be appropriate named plaintiffs or class representatives, to the extent any claims are permitted to proceed as a collective or class action.

**EIGHTEENTH DEFENSE**

57. Defendant incorporates by reference all applicable affirmative defenses set forth in

Fed. R. Civ. P. 8(c), and Defendant reserves the right to amend its Answer to the Complaint and/or to add any other defenses and make appropriate counterclaims, cross claims, and/or third-party claims that may be discerned to be applicable.

## NINETEENTH DEFENSE

58. Defendant reserves the right to file a motion to dismiss.

**WHEREFORE,** having fully responded to Plaintiffs' Complaint and Demand for Jury Trial, Defendant respectfully request that:

1. Plaintiffs' Complaint and Demand for Jury Trial be dismissed with prejudice;

2. The Court enter judgment in favor of Defendant and direct Plaintiffs to recover nothing from Defendant;

3. Defendant be awarded its costs and expenses herein, including attorneys' fees, if appropriate; and

4. Defendant be awarded any and all other relief to which it may be entitled.

***************

## DEFENDANT'S COUNTERCLAIM

Defendant Addiction Recovery Care, LLC ("ARC" or "Defendant"), by counsel, states as follows for its Counterclaim against Plaintiffs Samantha Carroll ("Carroll") and Leanna Murphy ("Murphy"), on behalf of themselves and all others similarly situated (collectively referred to herein as "Plaintiffs"):

## PARTIES

1. ARC is, and was throughout the course of Plaintiffs' employment with ARC, a Kentucky limited liability company with its principal office located at 125 South Main Cross Street, Louisa, Kentucky 41230.

2. According to the Complaint, Carroll is, and was throughout the course of her employment with ARC, a resident of Cynthiana, Harrison County, Kentucky.

3. According to the Complaint, Murphy is, and was throughout the course of her employment with ARC, a resident of Danville, Boyle County, Kentucky.

## JURISDICTION AND VENUE

4. The Court has subject matter over ARC's counterclaim pursuant to 28 U.S.C. § 1367 because it is so related to Plaintiffs' claims that it forms part of the same case or controversy under Article III of the U.S. Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district and Plaintiffs are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

1. ARC has valid and existing contractual and business relationship with its clients, referral sources and other business partners, and it expects to form additional contractual and business relationships in the future.

2. On or about June 10, 2019, ARC and Carroll entered into a Non-Competition, Non-Solicitation and Confidentiality Agreement ("Carroll Agreement"), which sets forth certain terms and conditions of Carroll's employment with ARC. A true and accurate copy of the Carroll Agreement is attached as **Exhibit A**.

3. As set forth in the Carroll Agreement, Carroll was expressly prohibited from directly or indirectly engaging in, owning, managing, operating, joining, controlling, lending money or other assistance to, or participating in or being connected with any individual, corporation, partnership, firm, other company, business organization, activity or entity that is

engaged in a Competitive Business in the Restricted Area for a period of two (2) years following the date that Carroll is no longer employed by ARC, regardless of the reason. Ex. A, § 3.

4. For purposes of the Carroll Agreement, the term Restricted Area is defined as "the geographic area extending sixty (60) air miles in all directions from any Treatment Center in existence at the time the employee-employer relationship ends and any geographic area or location at which [Carroll] knows or has reason to know that [ARC] has plans of expanding into within twelve (12) months following the termination of the employee-employer relationship..." *Id*.

5. The Carroll Agreement also expressly prohibits Carroll from directly or indirectly contacting or soliciting any of ARC's customers, patients and/or clients in order to (a) divert or influence or attempt to divert or influence any business of ARC to a Competitive Business, as defined therein, or (b) otherwise interfere in any fashion with ARC's Business, as defined therein, or operations for a period of two (2) years following the date that Carroll is no longer employed by ARC. Ex. A., § 4.

6. The Carroll Agreement further prohibits Carroll from directly or indirectly soliciting for employment or endeavoring to solicit for employment, hiring or otherwise interfering with the relationship of ARC with any person who was employed by or otherwise engaged to perform services for ARC at any time during the Non-Solicitation Period, as defined therein. *Id.*

7. The Carroll Agreement prohibits Carroll from disclosing ARC's confidential information, as defined therein, while employed by ARC or at any time thereafter. Ex. A, § 2.

8. In accordance with the Carroll Agreement, Carroll shall reimburse ARC for all costs, expenses or damages incurred by ARC as a result of any breach of the Carroll Agreement by Carroll. Ex. A, § 8.

9. The Carroll Agreement provides that ARC shall also be entitled to recover those damages from Carroll, including but not limited to, any lost profits incurred by ARC. Ex. A, § 9.

10. Carroll began working for ARC on or about June 10, 2019. During her employment with ARC, Carroll held various positions, including Office Manager, Intake Coordinator and Community Liaison. Upon information and belief, Carroll was employed as a Community Liaison from approximately June 10, 2021 through November 11, 2022.

11. On or about November 11, 2022, Carroll resigned her employment with ARC.

12. Almost immediately, Carroll went to work for a direct competitor of ARC, Freedom Management Company, Inc., d/b/a/ S.P.A.R.C. ("S.P.A.R.C.") in Russell Springs, Kentucky, in direct violation of the Carroll Agreement.

13. S.P.A.R.C. is engaged in the same Competitive Business as ARC within the Restricted Area, as defined in the Carroll Agreement.

14. Upon information and belief, Carroll has violated the non-solicitation and confidentiality provisions of the Carroll Agreement during the relevant time period.

15. By letter dated January 27, 2023, ARC advised Carroll that she was in violation of the Carroll Agreement and demanded that she immediately cease and desist from continuing to breach the agreement.

16. By letter dated February 3, 2023, Carroll communicated her intent not to resign her current employment with Freedom Management Company, Inc., d/b/a/ S.P.A.R.C.

17. Carroll has and continues to violate the terms of the Carroll Agreement.

18. On or about August 20, 2018, ARC and Murphy entered into a Non-Competition, Non-Solicitation and Confidentiality Agreement ("Murphy Agreement"), which sets forth certain terms and conditions of Murphy's employment with ARC. A true and accurate copy of the Murphy

Agreement is attached as **Exhibit B**. The Carroll Agreement and the Murphy Agreement are referred to collectively herein as the Agreements.

19. As set forth in the Murphy Agreement, Murphy is expressly prohibited from directly or indirectly engaging in, owning, managing, operating, joining, controlling, lending money or other assistance to, or participating in or being connected with any individual, corporation, partnership, firm, other company, business organization, activity or entity that is engaged in a Competitive Business in the Restricted Area for a period of two (2) years following the date that Murphy is no longer employed by ARC, regardless of the reason. Ex. B, § 3.

20. For purposes of the Murphy Agreement, the term Restricted Area is defined as "the geographic area extending sixty (60) air miles in all directions from any Treatment Center in existence at the time the employee-employer relationship ends and any geographic area or location at which [Murphy] knows or has reason to know that [ARC] has plans of expanding into within twelve (12) months following the termination of the employee-employer relationship..." *Id*.

21. The Murphy Agreement also expressly prohibits Murphy from directly or indirectly contacting or soliciting any of ARC's customers, patients and/or clients in order to (a) divert or influence or attempt to divert or influence any business of ARC to a Competitive Business, as defined therein, or (b) otherwise interfere in any fashion with ARC's Business, as defined therein, or operations for a period of two (2) years following the date that Murphy is no longer employed by ARC. Ex. B., § 4.

22. The Murphy Agreement further prohibits Murphy from directly or indirectly soliciting for employment or endeavoring to solicit for employment, hiring or otherwise interfering with the relationship of ARC with any person who was employed by or otherwise engaged to perform services for ARC at any time during the Non-Solicitation Period, as defined therein. *Id.*

15

23. The Murphy Agreement prohibits Murphy from disclosing ARC's confidential information, as defined therein, while employed by ARC or at any time thereafter. Ex. B, § 2.

24. In accordance with the Murphy Agreement, Murphy shall reimburse ARC for all costs, expenses or damages incurred by ARC as a result of any breach of the Murphy Agreement by Murphy. Ex. B, § 8.

25. The Murphy Agreement provides that ARC shall also be entitled to recover those damages from Murphy, including but not limited to, any lost profits incurred by ARC. Ex. B, § 9.

26. Murphy began working for ARC on or about August 20, 2018. During her employment with ARC, she held various positions, including Peer Support Specialist, Community Liaison, and Residential Admission Specialist. Upon information and belief, Murphy was employed as a Community Liaison from approximately December 15, 2019 through May 5, 2021 and again from approximately June 7, 2021 through October 15, 2021.

27. Murphy resigned her employment with ARC on or about October 15, 2021.

28. Almost immediately, Murphy went to work for S.P.A.R.C. in Russell Springs, Kentucky, in direct violation of the Murphy Agreement.

29. S.P.A.R.C. is engaged in the same Competitive Business as ARC within the Restricted Area, as defined in the Murphy Agreement.

30. Upon information and belief, Murphy has violated the non-solicitation and confidentiality provisions of the Murphy Agreement during the relevant time period.

31. By letter dated January 27, 2023, ARC advised Murphy that she was in violation of the Murphy Agreement and demanded that she immediately cease and desist from continuing to breach the agreement.

32. Murphy communicated her intention not to resign her current employment with Freedom Management Company, Inc., d/b/a/ S.P.A.R.C by letter dated February 3, 2023.

33. Murphy has and continues to violate the terms of the Murphy Agreement.

34. Murphy and Carroll have been and continue to be aware of ARC's existing and potential contractual and business relationships, including but not limited to ARC's relationships with clients, referral sources and other business partners. Despite this knowledge, Murphy and Carroll have knowingly and intentionally interfered with ARC's contractual and business relationships.

## COUNT ONE

## BREACH OF CONTRACT

35. ARC re-alleges and incorporates by reference all of the allegations of the foregoing paragraphs, as if fully set forth herein.

36. Plaintiffs are liable to ARC for breach of their respective Agreements, including the non-competition, non-solicitation, and confidentiality provisions.

37. The non-competition, non-solicitation and confidentiality provisions contained in the Agreements are necessary to protect ARC's reasonable business interests and supported by sufficient and valuable consideration.

38. ARC fully complied with all conditions and obligations due or owed to Plaintiffs under the terms of the Agreements.

39. Plaintiffs breached the Agreements by going to work for a direct competitor of ARC in the same competitive business as ARC, in the same geographic market, and during the restricted period identified therein.

40. Plaintiffs' employment with S.P.A.R.C has and will continue to interfere with ARC's legitimate business and operations, in direct violation of the Agreements.

41. Plaintiffs' breach of the Agreements have caused ARC to suffer actual damages and will likely continue to be incurred into the future.

42. ARC is entitled to damages flowing from Plaintiffs' breach of the Agreements, including actual and compensatory damages for breach of the Agreements, incidental damages, consequential damages, costs, attorney's fees and any damages this Court deems appropriate.

## COUNT TWO

### TORTIOUS INFERENCE WITH CONTRACTUAL AND BUSINESS RELATIONSHIPS

43. ARC re-alleges and incorporates by reference all of the allegations of the foregoing paragraphs, as if fully set forth herein.

44. Plaintiffs are liable to ARC for knowingly and intentionally interfering with ARC's existing and potential contractual and business relationships.

45. ARC has valid and existing contracts and business relationships with its clients, referral sources and other business partners, and ARC expects to form additional contractual and business relationships in the future.

46. Plaintiffs have been and continue to be aware of ARC's existing and potential contractual and business relationships, including but not limited to its relationships with clients, referral sources and other business partners.

47. Plaintiffs, without privilege, have and continue to knowingly and intentionally interfere with ARC's existing and potential contractual and business relationships.

48. As a direct and proximate result of Plaintiffs' tortious interference with ARC's contractual and business relationships, ARC has suffered actual damages, including special

damages, and will likely continue to be incurred into the future. These special damages include, but are not limited to, lost profits, harm to ARC's reputation and goodwill and legal fees.

49. The actions of Plaintiffs in interfering with ARC's contractual and business relationships were intentional and malicious, entitling ARC to an award of punitive damages.

50. ARC is entitled to damages flowing from Plaintiffs' knowing and intentional inference with its existing and potential business relationships, including actual and compensatory damages, incidental damages, consequential damages, special damages, punitive damages, costs, attorney's fees and any damages this Court deems appropriate.

WHEREFORE, ARC respectfully prays for judgment in its favor and against Plaintiffs, plus such other amounts such as actual and compensatory damages, incidental damages, consequential damages, special damages, punitive damages, interest, costs and attorney's fees as may be allowed by law.

Respectfully submitted,

*/s/ Robert M. Duncan, Jr.*
Robert M. Duncan, Jr.
Courtney R. Samford
Dinsmore & Shohl LLP
City Center
100 W. Main St., Ste. 900
Lexington, KY 40507
Telephone: (859) 425-1000
Fax: (859) 425-1099
robert.duncan@dinsmore.com
courtney.samford@dinsmore.com

Kent Wicker
WICKER/BRAMMELL PLLC
323 W. Main Street, 11th Floor
Louisville, Kentucky 40202
Kent@wickerbrammell.com

*Counsel for Defendant, Addiction Recovery Care, LLC*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing was served through the Court's ECF system on April 10, 2023, which will send notification to all counsel of record.

*/s/ Robert M. Duncan, Jr.*
*Counsel for Defendant, Addiction Recovery Care, LLC*