UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. 5:23-CV-00053-GFVT

*ELECTRONICALLY FILED*

**SAMANTHA CARROLL, et al.**     **PLAINTIFFS**

**v.**

**ADDICTION RECOVERY CARE, LLC**     **DEFENDANT**

### PLAINTIFFS' REPLY TO DEFENDANT'S COUNTER-CLAIM

Come the Plaintiffs, Samantha Carroll ("Carroll") and Leanna Murphy ("Murphy"), on behalf of themselves and all others similarly situated, by and through the undersigned counsel, and for their Reply to the Counter-Claim asserted by the Defendant, Addiction Recovery Care, LLC ("ARC"), hereby state as follows:

### REPLY TO COUNTER-CLAIM

1. The Plaintiffs admit the allegations contained in numerical paragraphs 1-5 (Parties, Jurisdiction and Venue) of the Counter-Claim.

2. The Plaintiffs are without sufficient information so as to either admit or deny the allegations of numerical paragraph 1 (Factual Allegations) of the Counter-Claim and therefore deny same.

3. Carroll admits that her signature appears on the "Carroll Agreement" as stated in numerical paragraph 2 (Factual Allegations) of the Counter-Claim but denies the remainder of said allegations.

4. The Agreement referenced in numerical paragraphs 3-9 (Factual Allegations) of the Counter-Claim speaks for itself and Plaintiffs deny any efforts to characterize the Agreement to state anything other than it actually states.

5. The Plaintiffs are without sufficient information so as to either admit or deny the allegations of numerical paragraph 10-11 (Factual Allegations) of the Counter-Claim and therefore deny same.

6. The Plaintiffs deny the allegations contained in numerical paragraphs 12-14 of the Counter-Claim.

7. The Letters referenced in numerical paragraphs 15-16 (Factual Allegations) of the Counter-Claim speaks for itself and Plaintiffs deny any efforts to characterize the Letters to state anything other than they actually state.

8. The Plaintiffs deny the allegations contained in numerical paragraph 17 (Factual Allegations) of the Counter-Claim.

9. Murphy admits that her signature appears on the "Murphy Agreement" as stated in numerical paragraph 18 (Factual Allegations) of the Counter-Claim, but denies the remainder of said allegations.

10. The Agreement referenced in numerical paragraphs 19-25 (Factual Allegations) of the Counter-Claim speaks for itself and Plaintiffs deny any efforts to characterize the Agreement to state anything other than it actually states.

11. The Plaintiffs are without sufficient information so as to either admit or deny the allegations of numerical paragraphs 26-27 (Factual Allegations) of the Counter-Claim and therefore deny same.

12. The Plaintiffs deny the allegations contained in numerical paragraphs 28-30 of the Counter-Claim.

13. The Letters referenced in numerical paragraphs 31-32 (Factual Allegations) of the Counter-Claim speaks for itself and Plaintiffs deny any efforts to characterize the Letters to state anything other than they actually state.

14. The Plaintiffs deny the allegations contained in numerical paragraph 33-34 (Factual Allegations) of the Counter-Claim.

15. The Plaintiffs deny the allegations contained in numerical paragraphs 35-42 (Count I) of the Counter-Claim.

16. The Plaintiffs deny the allegations contained in numerical paragraphs 43-50 (Count I) of the Counter-Claim.

17. Unless they have expressly admitted same herein, the Plaintiffs deny all other allegations contained in the Counter-Claim.

## DEFENSES

### FIRST DEFENSE

The Defendants were the first to breach the Agreements with Plaintiffs and therefore cannot be heard to complain about Plaintiffs' alleged subsequent breach.

### SECOND DEFENSE

The Agreements at issue are unreasonable in terms of both scope and duration.

### THIRD DEFENSE

The Agreements at issue constitute an unfair trade practice and are therefore violative of the relevant Anti-Trust laws under both state and federal law.

**FOURTH DEFENSE**

Defendant's Counter-Claims fail to state claim upon which relief may be granted and therefore must be dismissed.

**FIFTH DEFENSE**

The Defendant has failed to plead any facts whatsoever demonstrating that it is entitled to relief under Count II of the Complaint and same must be dismissed.

**SIXTH DEFENSE**

The Counter-Claims are barred, in whole or in part, by estoppel, laches, waiver, consent, statute of frauds, failure of consideration, accord and satisfaction, payment and release, statutes of repose and the applicable statutes of limitations.

**SEVENTH DEFENSE**

The Defendant has failed to reasonably mitigate its damages, the existence of which is denied.

**EIGHTH DEFENSE**

The Defendant's damages, which are expressly denied, were brought about by its own conduct or by a third party over which Plaintiffs have no control, which bars its claims.

**NINTH DEFENSE**

The Defendant's claims are barred by the doctrine of unclean hands.

**TENTH DEFENSE**

The Defendant is not entitled to recover punitive damages. The Defendants have stated no facts or legal claims in their Counter-Claim that would entitle it to an award of punitive damages. Further, punitive damages are not available remedies for some or all of Defendant's Counter-Claims. To the extent Defendant's Counter-Claim seeks to make Plaintiffs liable for punitive

damages, Plaintiffs adopt by reference whatever defense, criteria, limitations and standards are mandated by the United States Supreme Court decision in *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996). There are no adequate safeguards with respect to the imposition of punitive damages against Plaintiffs as presently applied to meet the requirements of due process of law under the Fifth and Fourteenth Amendments of the Constitution of the United States of America. Accordingly, the imposition of punitive damages in this case against Plaintiffs would violate those Amendments, and would further violate Plaintiffs' rights against excessive fines as provided for by the Eighth Amendment of the United States' Constitution. Further, in the absence of clear and convincing evidence of ill will, spite, malice, and/or willful and wanton conduct, any award of punitive damages would violate both the United States and the Kentucky Constitution.

## ELEVENTH DEFENSE

The Defendant, by virtue of its own conduct, has waived any rights it attempts to assert against the Plaintiffs in its Counter-Claim and is therefore estopped from doing so.

## TWELFTH DEFENSE

Plaintiffs expressly reserve the right to assert additional defenses, affirmative or otherwise, as may be discovered during the course of these proceedings.

WHEREFORE, Plaintiffs respectfully request the following relief from this Court:

A.    Certify this action as a class action under the Federal Rule of Civil Procedure 23;

B.    On Count I, for compensatory damages and an additional amount as liquidated damages from ARC, punitive damages under the FLSA, along with their statutory attorney's fees (measured under the common fund theory) and court costs;

C.    On Count II, for compensatory and punitive damages from ARC;

D. Award costs herein expended including an award of reasonable attorney's fees;

E. Trial by jury;

F. Dismissal of the Counter-Claims brought against them with prejudice; and

G. Provide such other legal and equitable relief to which they may be entitled.

    Respectfully Submitted,

    ARNOLD & MILLER, PLC

    /s/ *Christopher D. Miller*
    Christopher D. Miller, Esq.
    121 Prosperous Place, Suite 6B
    Lexington, Kentucky 40509
    Telephone: 859.381.9999
    Facsimile: 859.389.6666
    Email: cmiller@arnoldmillerlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was electronically filed using the Courts CM/ECF system on April 26, 2023, which will send electronic notice to the following counsel of record:

Robert M. Duncan
Courtney R. Samford
DINSMORE & SHOHL, LLP
City Center
100 West Main Street, Suite 900
Lexington, KY 40507
Robert.duncan@dinsmore.com
Courtney.samford@dinsmore.com

Kent Wicker
WICKER/BRAMMEL PLLC
323 W. Main Street, 11th Floor
Louisville, KY 40202
kent@wickerbrammel.com

    /s/ Christopher D. Miller
    COUNSEL FOR PLAINTIFF